**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| JAMES DEFEO AND COASTAL ELITE, LLC D/B/A WOK ON THE BEACH, <br><br> Plaintiffs, <br><br> vs. <br><br> BLACKBOARD INSURANCE COMPANY AND YORK RISK SERVICES GROUP, INC., <br><br> Defendants. | Civil Action No.: 4:19-CV-01583-RBH <br><br><br> **BLACKBOARD INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM** |

COMES NOW, Defendant Blackboard Insurance Company (hereinafter "Blackboard"), by and through its undersigned counsel, and in response to Plaintiffs James Defeo and Coastal Elite, LLC d/b/a Wok on the Beach's (hereinafter "Plaintiffs") Complaint filed on April 9, 2019, answers and alleges to this Honorable Court as follows:

**FOR A FIRST DEFENSE**

1. Blackboard admits Paragraphs 1 and 2, upon information and belief.

2. In response to Paragraph 3, Blackboard responds it is a corporation organized and existing under the laws of Delaware with its principal place of business in New York.

3. In response to Paragraph 4, Blackboard responds that York Risk Services is incorporated in Pennsylvania, and its principal place of business is Pennsylvania.

4. Paragraph 5 draws a legal conclusion to which no response is required. To the extent a response is required, Blackboard denies Paragraph 5.

## AS TO PLAINTIFFS' FIRST CAUSE OF ACTION

5. In response to Paragraph 6, Blackboard incorporates by reference all preceding paragraphs as if fully stated herein verbatim.

6. Blackboard denies any allegations set forth in Paragraphs 7 and 8 of Plaintiffs' Complaint that differ in any respect to the express written language and wording of the referenced documents. Any remaining allegations are denied.

7. In response to Paragraphs 9 and 10, Blackboard does not have information sufficient to form a belief as to the truth of the matters asserted in said Paragraphs and therefore deny Paragraphs 9 and 10.

8. Paragraphs 11 and 12 are denied as written.

9. Paragraph 13 draws legal conclusions to which no response is required. To the extent a response is required to said Paragraph, Blackboard denies Paragraph 13 and demands strict proof thereof.

10. In response to Paragraph 14, Blackboard incorporates by reference all preceding paragraphs as if fully stated herein verbatim.

11. Paragraph 15 is denied, including all subparts.

12. Paragraph 16 draws legal conclusions to which no response is required. To the extent a response is required to said Paragraph, Blackboard denies Paragraph 16 and demands strict proof thereof.

13. Blackboard denies the "WHEREFORE" Paragraph and the relief requested therein.

**AS AN ADDITIONAL DEFENSE**

14. Except to the extent expressly admitted herein, Blackboard denies each and every allegation contained in the Complaint, including, but not limited to, all paragraph subparts, and expressly denies any wrongdoing or fault on its part.

**AS AN ADDITIONAL DEFENSE**

15. Blackboard would show that Plaintiffs have failed to state a claim upon which relief can be granted and, therefore, Plaintiffs' claim is barred and should be dismissed with prejudice.

**AS AN ADDITIONAL DEFENSE**

16. Blackboard would show that at all times within this action it has acted reasonably and in good faith in addressing the insurance coverage issues within this matter and, therefore, no claim for bad faith can exist and Plaintiffs' second cause of action would be dismissed with prejudice.

**AS AN ADDITIONAL DEFENSE**

17. Blackboard would show that it is entitled to a declaration on all rights and obligations with respect to the claims and allegations in this matter and the insurance policies that are subject to this action.

**AS AN ADDITIONAL DEFENSE**

18. Blackboard would show that the insurance policies are clear and unambiguous and speak for themselves and any claim, allegation or interpretation different from the express written language of the policies should be barred.

**AS AN ADDITIONAL DEFENSE**

19. Blackboard would show that the rights and obligations of the parties to this action are defined and controlled by the limits of liability, terms, exclusions, conditions, limitations, endorsements, and other provisions of the Policy, which are incorporated by reference herein.

**AS AN ADDITIONAL DEFENSE**

20. Blackboard would show that it has met all obligations pursuant to the Policy.

**AS AN ADDITIONAL DEFENSE**

21. Blackboard would show that its policy(ies) terms limit, reduce, exclude, or bar any claim by Plaintiffs.

**AS AN ADDITIONAL DEFENSE**

22. Blackboard would show that Plaintiffs have failed to satisfy the policy conditions and/or Plaintiffs have breached covenants under the Policy to preclude coverage.

**AS AN ADDITIONAL DEFENSE**

23. Blackboard incorporates its policy(ies) herein and seeks a declaration as to all rights and obligations.

**AS AN ADDITIONAL DEFENSE**

24. Blackboard would show that any claim by Plaintiffs for punitive, treble, exemplary or similar damages are barred by the United States Constitution and the South Carolina Constitution and public policy as a quasi-criminal penalty in civil court that fails to meet the proper standard and violates due process and, therefore, any claim for punitive, treble, exemplary damages or similar damages is barred and, should the court so allow the claim to exist, such should be addressed in a separate proceeding under a bifurcated process.

## AS AN ADDITIONAL DEFENSE

25. Blackboard reserves any additional and further defenses that may be revealed by information obtained during the court of investigation and discovery as consistent with the Federal Rules of Civil Procedure.

## AS AN ADDITIONAL DEFENSE
## AND BY WAY OF COUNTERCLAIM

26. Blackboard realleges all prior allegations.

27. Blackboard brings this counterclaim pursuant to the Federal Declaratory Judgement Act, Rule 57, F.R.C.P., 28 U.S.C. §2201, et seq. and 28 U.S.C. §2202, *et seq.*

28. The Court has subject matter jurisdiction over the matters presented in this Counterclaim for Declaratory Judgment pursuant to 28 U.S.C. §2201 *et seq.*

29. The Court has personal jurisdiction over Plaintiffs because they are citizens and residents of the State of South Carolina and can be served pursuant to FED. R CIV.P.4(e).

30. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity between the Plaintiffs and Defendants, and upon information and belief, the amount in controversy has been alleged to be in excess of $75,000.00.

31. Venue is appropriate in the District of South Carolina, Florence Division, because a substantial part of the events or omissions giving rise to the claim occurred in, and a substantial part of the property that is subject to this action is situated, in Horry County. 28 U.S.C. § 1391.

32. South Carolina law must be applied in the interpretation of the insurance contracts in that the policies were issued in South Carolina to a South Carolina insured. *Companion Property and Cas. Ins. Co. v. Airborne Exp., Inc.,* 369 S.E. 388, 391, 631 S.E.2d 915, 916, *citing Gordon v. Colonial Ins. Co. of California,* 342 S.C. 152, 155-56, 536 S.E.2d376, 378 (2000).

33. Blackboard incorporates herein all applicable insurance policies as referenced by Plaintiffs in their Complaint and said Policy is attached hereto as Exhibit A (the "Policy").

34. Blackboard would show that the applicable facts of this matter and the insurance policy show that there is no coverage afforded to Plaintiffs for his claim.

35. Blackboard would show that the Policy provisions bar, do not create coverage under the insuring agreement, limit or exclude the insurance coverage sought by Plaintiffs.

36. Blackboard would show that the Plaintiffs failed to cooperate, satisfy conditions under the Policy, and/or Plaintiffs failed to comply with the covenants and obligations of the Policy, thereby prejudicing the rights of Blackboard to preclude coverage.

37. Blackboard is informed and believes that it is entitled to a declaration by this Honorable Court that for the reasons stated above and other reasons that are determined during discovery that it owes no coverage for Plaintiffs' claim(s).

38. Blackboard is informed and believe that it is entitled to a declaration by this Honorable Court that for the reasons stated above and other reasons that are determined during discovery that Blackboard had a reasonable basis to deny Plaintiffs' claim(s).

WHEREFORE, having fully answered the Complaint, Blackboard prays:

a) That the Plaintiffs' Complaint be dismissed with prejudice;

b) For a declaration that Blackboard has met its obligations under the Policy in good faith and owes no coverage to Plaintiffs' for their claim(s);

c) That Blackboard had a reasonable basis for its actions such that no claim for bad faith refusal to pay benefits occurred and the cause of action is barred;

d) For a declaration on its Counterclaim that Blackboard owes no coverage to

Plaintiffs for their claims; and

e) For costs, interest and attorney's fees and any other relief afforded to Blackboard under the law and as this Honorable Court deems just and proper.

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

*/s/ Elizabeth F. Wieters*
_____
Alan R. Belcher, Jr. (Federal ID #9342)
Elizabeth F. Wieters (Federal ID #12317)
111 Coleman Boulevard, Suite 301
Mt. Pleasant, South Carolina 29464
Telephone: (843) 720-3460
abelcher@hallboothsmith.com
ewieters@hallboothsmith.com

*Attorneys for Blackboard Insurance Company*

Dated: June 3, 2019
Mount Pleasant, South Carolina