UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMES DEFEO AND COASTAL ELITE, LLC D/B/A WOK ON THE BEACH, <br><br>Plaintiffs, <br><br>v. <br><br>BLACKBOARD INSURANCE COMPANY AND YORK RISK SERVICES GROUP, INC., <br><br>Defendants. | C/A NO.: 4:19-CV-01583-RBH <br><br><br><br>**MOTION TO DISMISS <br>ON BEHALF OF DEFENDANT <br>YORK RISK SERVICES GROUP, INC.** |

Defendant York Risk Services Group, Inc. ("Defendant York"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves for an Order dismissing Plaintiffs' claim for breach of contract against Defendant York, with prejudice. The grounds for this motion are fully set forth herein such that no separate memorandum is necessary. *See* Local Civil Rule 7.04, DSC.

## I. INTRODUCTION

Plaintiffs allege two causes of action against Defendant Blackboard Insurance Company ("Blackboard") and Defendant York: (1) breach of contract and (2) bad faith refusal to pay first party benefits under an insurance policy. Plaintiffs' breach of contract claim against Defendant York fails because Defendant York was not a party to the insurance policy at issue.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Rule 8(a), FRCP). Further, the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of [liability]." *Young v. City of Mt. Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Pleading deficiencies should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558. Additionally, the court may properly take judicial notice of documents attached to pleadings if they are integral to the complaint and/or explicitly relied on in the complaint. *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

### III. ARGUMENT

Plaintiffs' claim for breach of contract against Defendant York should be dismissed because Defendant York is not a party to the insurance policy. "An insurance policy is a contract between the insured and the insurance company…" *Murphy v. Jefferson Pilot Communications Co.*, 657 F. Supp. 2d 683, 693 (D.S.C. 2008) (quoting *Coakley v. Horace Mann Ins. Co.*, 376 S.C. 2, 5-6, 656 S.E.2d 17, 18-19 (S.C. 2007)). "To recover for a breach of contract, the plaintiff must prove: (1) a binding contract; (2) a breach of contract; and (3) damages proximately resulting from the breach." *Hennes v. Shaw*, 397 S.C. 391, 399, 725 S.E.2d 501, 506 (Ct. App. 2012) (internal

2

citation omitted). "Only parties to a contract may be sued for a breach of contract cause of action." *Murphy*, 657 F. Supp. 2d at 693. "Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of a contract between the defendant and a third party is not, as such, recoverable by the plaintiff." *Bob Hammond Construction Co., Inc. v. Banks Construction Co.*, 312 S.C. 422, 424, 440 S.E.2d 890, 891 (Ct. App. 1994) (internal citations omitted).

In the present case, Plaintiffs do not and cannot allege Defendant York was the insurer. While the Complaint generally (and perhaps inadvertently) makes allegations against "Defendants" without any distinction, Plaintiffs acknowledge that Defendant Blackboard is "engaged in the writing of insurance" and Defendant York is "engaged in the business of providing claims review . . . *to insurers*." (ECF 1-2, Compl., ¶ 4) (emphasis added). Further, it is clear from the insurance policy itself that Defendant Blackboard issued the policy at issue in this case and is the insurer. (ECF 4-1, pg. 4, Ex. 1 to Defendant Blackboard Insurance Company's Answer and Counterclaim). Therefore, Defendant York is not a party to the policy, and the breach of contract claim against it fails.

## IV. **CONCLUSION**

For the foregoing reasons, this Court should issue an order dismissing Plaintiffs' claim for breach of contract against Defendant York, with prejudice, and entering judgment in favor of Defendant York on Plaintiffs' breach of contract claim.

Respectfully submitted,

CHANDLER & DUDGEON LLC

s/Amanda K. Dudgeon
Amanda K. Dudgeon, Fed. ID #9681
Email:  mandi@chandlerdudgeon.com
Brittany T. Bihun, Fed. ID #12704
Email:  brittany@chandlerdudgeon.com
P.O. Box 547
Charleston, SC 29402
Phone:  (843) 577-5410
Fax:  (843) 577-5650

*Attorneys for Defendant*
*York Risk Services Group, Inc.*

June 7, 2019