**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| JAMES DEFEO AND COASTAL ELITE, LLC D/B/A WOK ON THE BEACH,<br><br>Plaintiffs,<br><br>v.<br><br>BLACKBOARD INSURANCE COMPANY AND YORK RISK SERVICES GROUP, INC.,<br><br>Defendants. | ) | Case No.: 4:19-cv-01583-RBH<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT YORK RISK SERVICES GROUP, INC.'S MOTION TO DISMISS |

**COMES NOW** the Plaintiffs, James DeFeo and Coastal Elite, LLC d/b/a Wok on the Beach ("Plaintiffs"), by and through their undersigned attorney, who hereby file this Memorandum in Opposition to the Motion to Dismiss filed by the Defendant, York Risk Services Group, Inc. (hereinafter "York") in the above-captioned matter.

## I. SUMMARY OF ARGUMENT

The Defendant's Motion to Dismiss (the "Motion") is premised primarily on the claim that Plaintiff's breach of contract claim fails as York was not a party to the insurance policy at issue. On the contrary, Defendant York is engaged in the business of providing claims review and loss mitigation services to insurers who do business in the State of South Carolina. Complaint, ¶4.

Plaintiffs, in opposition to the pending Motion, would respectfully state for the Court's consideration, that the Complaint does specify that the bad faith refusal to pay first party benefits under the policy of insurance was due, in part, to Defendant York's

negligence in failing to investigate and review the Plaintiffs' claims to determine whether or not the claims came within the coverage afforded by the policy of insurance in question. Complaint, ¶14. Defendant York does not address the bad faith claim but merely focuses on the breach of contract claim in the Complaint. Plaintiffs will seek, via a Motion to Amend, leave from this Court to Amend the Complaint to include a separate count for negligence against York.

Defendant's motion to dismiss should be denied because the Complaint plausibly alleges that York was negligent in failing to provide appropriate claims review and loss mitigation services to Blackboard and the Plaintiffs. The Complaint's allegations of bad faith and negligence are more than sufficient to plausibly allege that York was remiss in its dealings with Plaintiffs.

## II. BACKGROUND

On September 26, 2018 Plaintiffs submitted a claim for damages to their insurance carrier, Blackboard Insurance Company. Plaintiffs' claim was denied on October 4, 2018 without explanation for the basis of the denial. Defendant, York Risk Services Group, Inc., served as the representative of Blackboard Insurance Company with respect to inspections of the property and assessment of the claim for damages. York was notified by Plaintiffs that, since it had been assigned by Blackboard to evaluate this claim and failed to accurately assess this claim, its actions resulted in further damages to the Plaintiffs.

## III. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must assume that the plaintiff's factual allegations are true, and it must view those allegations, and all reasonable inferences from them, in their favor. Ambrose v. Blue Cross & Blue Shield of Virginia, 891 F. Supp. 1153, 1157 (E.D. Va. 1995). Furthermore, under Ashcroft v. Iqbal, 556 U.S. 662 (2009) Plaintiffs must have alleged facts in the Complaint which "state a claim to relief that is plausible on its face" to overcome a motion to dismiss. (quoting Bell Atlantic Cor. V. Twombly, 550 U.S. 544, 570 (2007)).

Here, Plaintiffs' Complaint easily meets these standards, and Defendant has not argued that Plaintiffs' allegations are implausible or lacking in particularity. Rather, Defendant argues that Plaintiffs cannot state a claim for relief as York is not a party to the insurance contract. As demonstrated below, Defendant's arguments are unfounded.

## IV. ARGUMENT

The emphasis in Ashcroft v. Iqbal, 556 U.S. 662 (2009) is that the allegations must be plausible enough to allow the court to infer that the facts could point to misconduct on the defendant's part. As York was appointed by Blackboard to investigate the Plaintiffs' claims, it became a party in acting on behalf of, and representing the interests of, the insurance carrier. While Defendant York focuses its Motion to Dismiss solely on the breach of contract claim, Plaintiffs have clearly noted in their Complaint that York is a party to this action as it was negligent in failing to fully investigate and review the

Plaintiffs' claims, and that York acted negligently and in bad faith. Plaintiffs allege that Blackboard and York are so related that each company owed a first party duty of good faith and fair dealing to Plaintiffs, who were Blackboard's insured, and that the actions by York lessened the value of the Plaintiffs' claims against the Blackboard insurance policy.

The question of whether York owes a duty of good faith and fair dealing to the first party insured of Blackboard is a novel question of law that should not be resolved on a Rule 12(b)(6) motion. Madison v. Am. Home Prod. Corp., 358 S.C. 449, 595 S.E. 2d 493 (2004) and Chestnut v. AVX Corp., 413 S.C. 224, 227, 776 S.E. 2d 84 (2015). Novel questions may be resolved only after a party has had a reasonable opportunity in discovery to collect facts necessary to prove their case. Plaintiffs therefore object to the court hearing Defendant York's motion to dismiss before the parties have had a fair opportunity to conduct discovery. In the present case, Plaintiffs are entitled to conduct discovery to determine the relationship between Blackboard and York and to determine the services that York provided on behalf of Blackboard during the claim process.

## V. CONCLUSION

Defendant York Risk Services Group, Inc. Motion to Dismiss pursuant to Rule 12(b)(6) is not ripe because the parties have not had sufficient time to conduct discovery. Regardless, Defendant's motion should fail because Plaintiffs' Complaint alleges, in addition breach of contract, bad faith as well as negligence on the part of York. Finally, Plaintiffs' action for bad faith against York raises novel questions of law that should not be resolved on a Rule 12(b)(6) motion.

Respectfully submitted,

s/ Reese R. Boyd, III

Reese R. Boyd, III, Esq.
**Davis & Boyd LLC**
Post Office Box 70517
Myrtle Beach, SC 29572
(843) 839-9800
(843) 839-9801 (*fax*)
reese@davisboydlaw.com

Attorneys for Plaintiffs

Dated: July 5, 2019
Myrtle Beach, South Carolina

CERTIFICATE OF SERVICE

I certify that on this date a copy of the foregoing **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT, YORK RICK SERVICES GROUP, INC. MOTION TO DISMISS** was served on each party or counsel of record by mailing or hand delivery in the manner prescribed by the applicable Rule of Civil Procedure.

This 5th day of July, 2019.

Catherine Plocinik

Catherine Plocinik, Paralegal
Davis & Boyd LLC