# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| JAMES DEFEO; and COASTAL ELITE, LLC, d/b/a WOK ON THE BEACH, <br><br> Plaintiffs, <br><br> v. <br><br> BLACKBOARD INSURANCE COMPANY; and YORK RISK SERVICES GROUP, INC. <br><br> Defendants. | Civil Action No.: 4:19-cv-01583-RBH <br><br><br><br> **ORDER** |

This matter is before the Court on Defendant York Risk Services Group, Inc.'s ("York") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 6. For the reasons set forth below, the Court grants York's motion to dismiss, and dismisses with prejudice Plaintiffs' claim for breach of contract as to York.

**Factual Allegations and Procedural Background**

This case arises out of an insurer's refusal to pay a claim made under a policy by its insured. *See, generally*, ECF No. 1-2 ("Compl."). Plaintiff James DeFeo is a citizen and resident of Horry County, South Carolina. *Id.* ¶ 1. Plaintiff Coastal Elite, LLC, d/b/a Wok on the Beach ("Coastal Elite," collectively with James DeFeo, "Plaintiffs") is a South Carolina corporation with its principal place of business in Horry County, South Carolina. *Id.* ¶ 2. Wok on the Beach is a restaurant in Horry County, South Carolina. *Id.* ¶¶ 2, 10. Defendant Blackboard Insurance Company ("Blackboard") is a Delaware corporation with its principal place of business in New York. *Id.* ¶ 3, ECF No. 1 ¶ 4. Blackboard is "engaged in the writing of insurance . . . ." Compl. ¶ 3. York is a Pennsylvania company, with its principal place of business in Pennsylvania. ECF No. 1 ¶ 5. York provides claims review and loss

mitigation services to insurers doing business in South Carolina. Compl. ¶ 4.

On August 20, 2018, Blackboard[1] issued a business insurance policy to Coastal Elite. Compl ¶ 7, ECF No. 4-1 at 1. The policy ran from August 20, 2018 to August 20, 2019, and provided coverage for, *inter alia*, loss of income, spoilage, and equipment breakdown. Compl. ¶¶ 7-8, ECF No. 4-1. Plaintiffs made the first premium payment approximately August 20, 2018. Compl. ¶ 8.

On September 11, 2018, in preparation for the anticipated landfall of Hurricane Florence, the Governor of South Carolina issued a mandatory evacuation. *Id.* ¶ 9. Hurricane Florence made landfall in Horry County approximately three days later. *Id.* Due to the evacuation, Plaintiffs closed Wok on the Beach on September 11, 2018; they did not reopen until September 25, 2018, when power was restored, debris cleaned up, equipment repaired, and the restaurant made safe for staff and customers. *Id.* ¶ 10. On September 26, 2018, Plaintiffs submitted a claim under the policy to Blackboard for, *inter alia*, loss of income, spoilage, equipment breakdown, and advertising. *Id.* ¶ 11. On October 4, 2018, the claim was denied. *Id.* Plaintiffs allege the denial was without basis. *Id.*

On April 9, 2019, Plaintiffs filed the instant lawsuit in the Court of Common Pleas for Horry

---

[1] While Plaintiffs allege "Defendants" sold them the insurance policy, ECF No. 1-2 ¶ 7, that allegation is inconsistent with Plaintiffs' assertions that Blackboard sells insurance and York provides claims review and loss mitigation services to insurers, *id.* ¶¶ 3-4. The claim that York was involved in selling the insurance policy is likewise contradicted by the insurance policy itself, which indicates it is a contract between Blackboard and Coastal Elite, not Blackboard and York and Coastal Elite. ECF No. 4-1.

The policy at issue in this case, ECF No. 4-1, was attached to Blackboard's answer to Plaintiffs' complaint. While courts deciding a motion under Fed. R. Civ. P. 12(b)(6) principally consider the allegations in the complaint, they may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" in deciding such motions. 5B Charles Alan Wright & Arthur R. Miller, Fed, Prac. & Proc. Civ. § 1357 (3rd ed. 2004); *see, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). The policy here is an exhibit to Blackboard's answer to the complaint, and non-payment of a claim made under said policy is the basis of the instant lawsuit; thus, the policy is integral to the complaint, and may be properly considered by the Court in deciding this motion.

County, South Carolina. Compl. In their complaint, Plaintiffs brought causes of action against both Blackboard and York for breach of contract and bad faith refusal to pay first party benefits under an insurance policy. *Id.* Both claims arose out of the denial of Plaintiff's claim for benefits. *See id.* On May 31, 2019, Blackboard removed the action to this Court. ECF No. 1.

On June 7, 2019, York filed a motion to dismiss seeking dismissal of Plaintiffs' breach of contract cause of action as to York. ECF No. 6. Plaintiffs responded on July 5, 2019, ECF No. 15, and York replied on July 12, 2019, ECF No. 16. Accordingly, this matter is now ripe before the Court.

## **Legal Standard**

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint . . . considered with the assumption that the facts alleged are true[.]" *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). The Court measures legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. *Id.* Rule 8 requires, in pertinent part, that a claim for relief contain a "statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

When reviewing a motion under Rule 12(b)(6), the Court must "accept all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable factual inferences from those facts in the plaintiff's favor[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, the Court need not accept as true allegations that are contradicted by exhibits to the complaint. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

3

allegations in the complaint." *Id*. at 563. A complaint need not assert "detailed factual allegations"; however, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555 (citations omitted). Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## **Discussion**

York moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' breach of contract cause of action as to York. ECF No. 6. In support of its motion, York argues it is not liable for breach of contract as it was not a party to the insurance contract. *Id.* In response, Plaintiffs first note their allegations regarding York in their bad faith failure to pay benefits cause of action. ECF No. 15 at 1-4. Plaintiffs next advance they will file a motion to amend the complaint to add a negligence cause of action against York. *Id*. at 2. Plaintiffs argue they have alleged enough negligence and bad faith on the part of York to overcome York's motion to dismiss, and the Court should deny York's motion to allow the parties to conduct discovery on the novel issue of whether York owes a duty of good faith and fair dealing to Coastal Elite. *Id.* at 1-4.

As a preliminary matter, the Court notes Plaintiffs state they will be filing a motion to amend their complaint to add a negligence claim against York. *Id.* at 2. However, no such motion has been filed. Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that leave to amend "shall be freely give[n] . . . when justice so requires." Leave to amend should be denied only when the amendment would prejudice the opposing party, the moving party has acted in bad faith, or the amendment would

be futile. *Johnson v. Orowheat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Leave to amend is properly denied where the requested leave to amend is not accompanied by a motion to amend or a proposed amended complaint. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008) (finding no abuse of discretion by district court in denying leave to amend where plaintiffs requested leave to amend in a response but did not file a motion to amend or a proposed amended complaint). Accordingly, in the absence of a motion to amend accompanied by a proposed Amended Complaint, Plaintiffs' request for leave to amend is denied.

The Court holds York's motion to dismiss Plaintiffs' breach of contract cause of action against it is due to be granted. Insurance policies are contracts between the insurance company and the insured. *Murphy v. Jefferson Pilot Commc'ns. Co.*, 657 F. Supp. 2d 683, 693 (D.S.C. 2008) (*citing Coakley v. Horace Mann Ins. Co.*, 656 S.E.2d 17, 18-19 (2007)). To bring a claim for breach of contract under South Carolina law, a plaintiff must show: 1) a binding contract; 2) the contract was breached; and 3) the breach led to damages. *Hennes v. Shaw*, 725 S.E.2d 501, 506 (S.C. Ct. App. 2012). "Only parties to a contract may be sued for a breach of contract cause of action." *Murphy*, 657 F. Supp. 2d at 693; *see also Bob Hammond Constr. Co., Inc. v. Banks Constr. Co.*, 440 S.E.2d 890, 891 (S.C. Ct. App. 1994) ("Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of a contract between the defendant and a third party is not, as such, recoverable by the plaintiff.").

Here, the insurance policy was a contract between Coastal Elite and Blackboard. ECF No. 4-1. While Plaintiffs allege York breached its contract with Plaintiffs by denying their claim, the policy clearly indicates Blackboard, not York, was the insurance provider. *Id.* Plaintiffs themselves allege Blackboard writes insurance, and York provides claims review and loss mitigation to insurers. Compl.

5

¶¶ 3-4.  Plaintiffs also note they were "Blackboard's insured[,]" not Blackboard and York's insured.  ECF No. 15 at 4.  Accordingly, Plaintiffs may not maintain a breach of contract claim against York, who was not a party to the insurance policy.

To the extent Plaintiffs suggest the allegations in their bad faith failure to pay benefits claim are a reason to deny York's motion to dismiss, that claim is without merit.  York's motion to dismiss addresses the breach of contract claim as to York, not the bad faith failure to pay benefits claim as to York.  *See* ECF No. 6.

Plaintiffs' argument the Court should deny York's motion to dismiss to allow the parties to conduct discovery as to whether York owed Coastal Elite a duty of good faith and fair dealing likewise fails.  As analyzed above, York's motion to dismiss is due to be granted, and Plaintiffs' claim against York for breach of contract thus due to be dismissed.

## Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' request for leave to amend the complaint, and **GRANTS** York's motion to dismiss, ECF No. 6.  Plaintiffs' breach of contract cause of action is **DISMISSED WITH PREJUDICE** as to York.

**IT IS SO ORDERED.**

Florence, South Carolina  
July 16, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge